**FORM 9**
**APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

# United States Court of Federal Claims

| | | |
|---|---|---|
| ALABAMA AIRCRAFT INDUSTRIES, INC. -- BIRMINGHAM, | ) | No. 08-470c |
| Plaintiff, | ) | Judge Lettow |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

1. I, Mark W. Reardon, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. a. I [outside counsel only] am an attorney with the law firm of ________________ and have been retained to represent ________________, a party to this proceeding.
   b. I [inside counsel] am in-house counsel (my title is: In-House Counsel) for The Boeing Company, a party to this proceeding.

3. I am [X] am not [ ] a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information

disclosed under the Protective Order.
NONE

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:
NONE

8. I [inside counsel] have attached a detailed narrative providing the following information:

a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

b. the person(s) to whom I report and their position(s) and responsibilities;

c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters.

d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and

e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of protected information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

[signature] 3 Jul 08

Signature — Date Executed

Mark W. Reardon, Counsel
Typed Name and Title

312-544-2812
Telephone Number

312-544-2828
Fax Number

[signature] 7/7/08

Signature of Attorney of Record — Date Executed

Paul F. Khoury, Partner
Typed Name and Title

202-719-7346
Telephone Number

202-719-7049
Fax Number

Attachment to Application for Access to Materials
Under a Protective Order for In-House Counsel
Alabama Aircraft Industries, Inc. v. United States
United States Court of Federal Claims (BID PROTEST)
Docket No. 08-470

NARRATIVE OF MARK W. REARDON
IN SUPPORT OF REQUEST
FOR ACCESS TO PROTECTED MATERIAL

I, Mark W. Reardon, make the following statement and representation and request that I be granted access to protected material which may be filed or produced in the above captioned protest (the Protest).

(a) I am a Counsel in the Office of the General Counsel, Boeing Corporate Offices. I am assigned to the Litigation Practice Group. I serve in this capacity as an attorney for Boeing in the Protest. My responsibilities include counseling Boeing and its affiliates' management and employees concerning litigation involving government contract issues, commercial contracts, and general corporate law. I do not review proposals submitted by Boeing or any of its affiliates for compliance with customer requirements nor any procurement matters. I direct and assist outside counsel representing Boeing and its affiliates in litigation and other matters involving outside counsel. I represent Boeing and its affiliates in claims, protests, and civil and criminal litigation.

(b) I report to Paul J. Ehlenbach, Vice President and Assistant General Counsel, Litigation Practice Group of Boeing's Corporate Office ("Corporate") in Chicago, IL. His responsibilities are to oversee the thirteen attorneys of the Litigation Practice Group, none of whom provides advice in procurement-related matters.

(c) At the office in which I work, there are fifteen attorneys. There are five lawyers in the Corporate Governance Group providing securities and governance advice to the company, four lawyers in the Labor Group providing labor law support to the company, four lawyers in the Litigation Group, and one lawyer for investigations. The Vice President and Assistant General Counsel, Integrated Defense Systems, has office space on the opposite side of the building from the Litigation Practice Group, and we do not share support staff, file storage nor any reporting responsibilities related to IDS.

(d) I have no relationship to any person in competitive decision-making, both in terms of physical proximity or corporate structure in regard to this procurement. The IDS Group, which includes Boeing Support Systems, is headquartered some 300 miles away in St. Louis, MO, and its procurement operations are centered in Southern California and Washington State, both thousands of miles from my office. Boeing Support Systems itself is also headquartered in St. Louis. My relationship to the President of Integrated Defense Systems and other personnel of IDS and Boeing Support Systems pertains solely to litigation matters, and does not include

providing advice with respect to pricing, selection of subcontractors and their products, product design, the selection of which acquisitions to pursue and in what capacity to pursue them (prime or sub roles), or other decisions involved in the competitive structuring of proposals.

I am not involved in writing proposals, including their pricing or technical components. I do not determine teaming or subcontracting arrangements nor do I participate in the making of bid/no-bid decisions.

IDS possesses a legal staff of some 47 attorneys, located in cities throughout the United States. I have no reporting relationship to any of those counsels. Those counsel provide day-to-day legal advice to the competitive decision-makers and provide procurement-related support to Integrated Defense Systems and its subsidiaries. As to physical proximity, the three major legal offices are some 300, 1700, and 2000 miles from my office. Counsel at those locations report through their respective division counsel to their group counsel and that group counsel to the General Counsel.

(e) The structure of our legal organization as described above isolates me from the competitive decision-making process as that type of advice and those decisions are made at the subsidiary and at the intervening division and group levels, not at the Corporate law office.

Mark W. Alexander
Signature

3 July 08
Date