**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **ALABAMA AIRCRAFT INDUSTRIES, INC.-BIRMINGHAM**<br>**Plaintiff,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant,**<br>**and**<br>**THE BOEING COMPANY**<br>**Intervening Defendant.** | **Civil Action No. 08-470C**<br>**(Judge Lettow)**<br>**Electronically Filed on July 30, 2008** |

**PLAINTIFF ALABAMA AIRCRAFT INDUSTRIES, INC. – BIRMINGHAM'S**
**RESPONSE TO COURT'S REQUEST REGARDING PROPOSED REDACTIONS**

Plaintiff Alabama Aircraft Industries, Inc. – Birmingham ("AAII") requests no redactions to the Court's Opinion and Order dated July 25, 2008.

Plaintiff further notes that Intervening Defendant The Boeing Company ("Boeing") has requested that the Court redact information already in the public record. Specifically, Boeing proposes to redact information at page 11 of the Court's Opinion and Order about the civil and criminal settlement agreements related to Boeing's misconduct in connection with the KC-135 PDM and other contracts. These agreements can be found, for example, on the website of The Corporate Crime Reporter. A copy of Boeing's civil settlement agreement can be found at: http://www.corporatecrimereporter.com/documents/boeing_000.pdf. On that same website, a copy of Boeing's criminal settlement agreement can be found at: http://www.corporatecrimereporter.com/documents/boeing2.pdf.

Boeing itself has issued press releases about its settlement of the "Druyun Matter" including the dollar amounts to be paid by Boeing. See Exhibits 1 and 2 hereto. Moreover, the Department of Defense Office of Inspector General ("DOD OIG") published a report documenting how Boeing improperly benefited from the undue influence exerted by Darlene Druyun, the then Principle Deputy Assistant Secretary of the Air Force for Acquisition Management, in connection with the KC-135 PDM contract. This DOD OIG report can be found at: http://www.dodig.osd.mil/Audit/reports/FY06/06-088.pdf

While requesting extensive redactions to the Court's July 25 Opinion and Order, Boeing has made no showing that the information it seeks to redact is proprietary to Boeing. Absent some compelling reason, information should not be redacted from the public version of this Court's opinions. See Pratt & Whitney Canada, Inc. v. United States, 14 Cl. Ct. 268, 274 (1988) (finding that the court's discretion to keep information from the public "is circumscribed by the presumption that the public shall have access to those records absent a compelling justification for sealing"). Indeed, the Court has refused to redact information where a party cannot show that it is truly confidential or business and/or proprietary information:

> Plaintiff has continued to object to the inclusion of certain information in the public version of this opinion. … the court hereby overrules plaintiff's objections. The court has redacted only information that contains confidential, business and/or proprietary information, so that the interests of the private parties are balanced with the public interest requiring continued transparency in the judicial process.

Kropp Holdings, Inc. v. United States, 63 Fed. Cl. 537, 538 n.1 (2005).

Furthermore, in deciding to make redactions courts should consider the precedential value of their opinions to future litigants. In an analogous situation regarding the requested vacation of an opinion, the Seventh Circuit explained:

> The interests of litigants in general … lie with the orderly operation of a system of justice, one in which the conclusions of litigation are recorded and thus preserved for the future, one in which slightly higher costs in today's case may reduce the trouble encountered by litigants and judges tomorrow. Judges must have at heart the interests of other litigants in future cases, and hold them equal in weight with the interests of today's.

In re Memorial Hospital of Iowa County, Inc., 862 F.2d 1299, 1303 (7th Cir. 1988). An understanding of the precedential importance of an opinion is dependent on knowing the Court's recitation of the relevant facts. For instance, this Court has explicitly refused to include redactions which would make an opinion difficult to understand: "If the language [on which the parties requested redactions] were redacted, the opinion would be incomprehensible." MVM, Inc. v. United States, 46 Fed. Cl. 126 (1999).

Moreover, Boeing should not be allowed to redact information that is already public simply because it believes the information may be embarrassing: "[S]imply showing that the [sealed] information would harm a company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1179 (6th Cir. 1983) rev'd on other grounds, 778 F.2d 35 (D.C. Cir. 1985). See also Wilson v. American Motors Corp., 759 F.2d 1568, 1570-71 (11th Cir. 1985).

Simply put, Boeing has not shown that any of its requested redactions are confidential, business and/or proprietary information and, therefore, Boeing has not overcome the presumption of public access.

Dated: July 30, 2008

Respectfully Submitted,

s/ David R. Hazelton_
David R. Hazelton (Counsel of Record)
Roger S. Goldman
Kyle R. Jefcoat
LATHAM & WATKINS LLP
555 11th St., N.W., Suite 1000
Washington, D.C. 20004-1304
Direct Dial: (202) 637-2254
Facsimile: (202) 637-2201
David.Hazelton@lw.com
Roger.Goldman@lw.com
Kyle.Jefcoat@lw.com

Attorneys for Plaintiff Alabama
Aircraft Industries, Inc. – Birmingham

Of Counsel:

Benjamin Wei
Andrew Stein
Shiva Aminian
LATHAM & WATKINS LLP