IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 08-470C

(Filed Under Seal: August 6, 2008)

ALABAMA AIRCRAFT INDUSTRIES, INC. - BIRMINGHAM,

Plaintiff,

v.

UNITED STATES,

Defendant, and

THE BOEING COMPANY,

Intervening Defendant.

ORDER

By a motion filed on August 5, 2008, defendant ("government") and plaintiff ("Alabama Aircraft") asked the Court to resolve the discovery issue addressed at pages 18-21 of the court's Opinion and Order rendered under seal on July 25, 2008, under the heading "Air Force's consideration of Boeing's past performance." With their motion, the government and Alabama Aircraft submitted a proposed order reflecting agreed terms for the discovery at issue. Defendant-Intervenor The Boeing Company ("Boeing") has taken no position.

After examining the terms for discovery proffered by the government and Alabama Aircraft, the court finds that they are acceptable and appropriate. Accordingly, the motion is GRANTED, and the court orders that the government produce the following documents as a part of the administrative record in this case:

> The materials specifically withheld in response to an order to produce said materials by the Government Accountability Office by agency counsel Mr. Brent G. Curtis on November 15, 2007. All other materials in the control or possession of the Department of the Air Force ("Air Force") on or prior to February 29, 2008

regarding (a) the possible debarment of Boeing by the Air Force, (b) the investigations of Boeing identified in the May 17, 2007 letter of Steven A. Shaw, the Air Force's Deputy General Counsel (Contractor Responsibility), and (c) the qui tam lawsuits against The Boeing Company pertaining to the KC-135 and/or KC-10.

In support of this request, the government represents that, to the best of its knowledge and belief, the Air Force representatives in control or possession of the materials identified above are Mr. Steven A. Shaw, Air Force Deputy General Counsel; Mr. Brian G. Koza, Acquisition Fraud Counsel, Air Force Materiel Command; and Ms. Susan L. Theodorelos, Acquisition Fraud Counsel, Air Force Materiel Command. Based on that representation, the government may limit its search to responsive materials in the control or possession of these three individuals. While the materials in the control or possession of these individuals shall include materials that may have been obtained from the United States Department of Justice, this order does not require the government to seek new materials from the United States Department of Justice or any other investigative organization that is actively assisting the Department of Justice, not already in the control or possession of these three individuals.

The government shall produce these materials on or before August 11, 2008. In the event that the government concludes that it must obtain permission from another court in order to produce any of the materials subject to this order, it shall act immediately to obtain that permission. If there is difficulty or delay in the government obtaining such permission despite its best efforts, the court will entertain a request for an extension in the deadline for production, provided, however, that the deadline of August 11, 2008 shall apply to all subject materials for which such permission is not required.

In exchange for the government's production of the materials in accordance with this order, Alabama Aircraft agrees to withdraw its discovery request addressed at pages 18-21 of the court's Opinion and Order dated July 25, 2008, and further to not seek additional discovery in this case on this issue. By complying with this order, the Air Force has not conceded that it waives any privilege for the purpose of any other case or matter.

It is so ORDERED.

s/ Charles F. Lettow
Judge