IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 08-470C

(Filed: August 19, 2008)

| | |
|---|---|
| ALABAMA AIRCRAFT INDUSTRIES, INC. - BIRMINGHAM, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, and | ) |
| THE BOEING COMPANY, | ) |
| Intervening Defendant. | ) |

ORDER

Pending before the court is intervening defendant's Unopposed Motion For Leave To Request Redaction of the July 3, 2008 transcript. Intervening defendant seeks a limited redaction of the transcript of the proceedings on July 3, 2008 such that the transcript might be made publicly available upon the removal of information that should remain under seal.

For good cause shown, intervening defendant's motion is GRANTED. The original transcript of the proceedings on July 3, 2008 shall remain under seal. The redacted version of the transcript attached to this order shall be deemed filed and made publicly available as of today's date.

It is so ORDERED.

s/ Charles F. Lettow
Judge

**REDACTED VERSION**



IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALABAMA AIRCRAFT INDUSTRIES, INC.-BIRMINGHAM, Plaintiff, | ) | |
| v. | ) | Docket No.: 08-470C |
| UNITED STATES, Defendant. | ) | |

Courtroom 7
National Courts Building
717 Madison Place NW
Washington, D.C.

Thursday,
July 3, 2008

The parties met, pursuant to notice of the Court, at 10:00 a.m.

BEFORE: HONORABLE CHARLES F. LETTOW
Judge

APPEARANCES:

For the Plaintiff:

ROGER S. GOLDMAN, Esquire
KYLE R. JEFCOAT, Esquire
Latham & Watkins, LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

APPEARANCES, Cont'd:

For the Defendant:

DOUGLAS K. MICKLE, Esquire
MARY F. PEÑA, Intern
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 4062
Washington, D.C. 20005
(202) 307-0383

CHRISTOPHER L. MCMAHON, Major, USAF, Esquire
Air Force Legal Operations Agency
Commercial Litigation Division
AFLOA/JACQ
1501 Wilson Boulevard
Suite 606
Arlington, Virginia 22209-2403
(703) 696-9063

For the Intervenor (The Boeing Company):

PAUL F. KHOURY, Esquire
Wiley Rein, LLP
1776 K Street N.W.
Washington, D.C. 20006
(202) 719-7346

P R O C E E D I N G S

(10:00 a.m.)

THE CLERK: All rise. The United States Court of Federal Claims is now in session, the Honorable Charles Lettow presiding.

THE COURT: Please be seated. Good morning.

ALL: Good morning, Your Honor.

THE COURT: The case before the Court this morning is Alabama Aircraft Industries, Inc. v. United States. The number is 08-470. We also have an application by The Boeing Company to intervene. For the record, would counsel for the Plaintiff introduce himself and his colleague?

MR. GOLDMAN: Good morning, Your Honor. Roger Goldman. The counsel of record, Mr. Hazelton, was not available today. With me today is Kyle Jefcoat.

THE COURT: We recognize the possibility that the counsel of record might be available by telephone. Is that happening?

MR. GOLDMAN: It is not, this morning.

THE COURT: It is not.

MR. GOLDMAN: We had called chambers to try to arrange that yesterday, and we weren't able to connect with chambers.

THE COURT: All right. Thank you very much.

And counsel for the government, please.

MR. MICKLE: Good morning, Your Honor. I am Doug Mickle for the United States from the Department of Justice, and with me today is Major Chris McMahon, and he is with the Air Force's Office of Commercial Litigation, and also with me today is Ms. Mary Peña, who is a rising 3L law student at the University of North Carolina, Chapel Hill, who is interning with our office this year under the SLIP program.

THE COURT: All right. Welcome.

And counsel for Boeing, please.

MR. KHOURY: Good morning, Your Honor. Paul Khoury representing The Boeing Company, from Wiley Rein, and with me today are Kara Sacilotto, Nicole Wishart, Heidi Bourgeois. All three of them were admitted under the protective order at some point at GAO. Ms. Bourgeois was admitted under the first GAO proceeding but not the second, but I have talked with Mr. Goldman, who does not have any objection to her being here today, and hopefully we will get to a protective order issued quickly.

And in the back we have two summer associates, Tara Ward and Jillian Volkmar, with us as well, one of whom I think you recognized.

THE COURT: Yes, and who is very familiar with the customs and habits of this Court. Thank you. Indeed, we issued the protective order this morning, so that aspect of things has been taken care of. Now, we also are prepared to grant this morning, after the hearing, the motion for intervention. I see a nod. Does Plaintiff accept that?

MR. GOLDMAN: Yes, Your Honor.

THE COURT: All right. Defendant?

MR. MICKLE: Yes, Your Honor.

THE COURT: All right, fine. We will do that. Now, what the Court had in mind, given the representation of Plaintiff that no temporary or preliminary injunctive relief was going to be requested, is a scheduling conference under the provisions of paragraph 8 of Appendix C that deals with bid protests. There is a request that this bid be put on a relatively fast schedule for briefing.

At least the Court didn't see any problem with that, especially since this had been before GAO on two occasions. So what the Court's basic agenda is this morning is to address each of the items that are listed in paragraph 8 of Appendix C. Does Plaintiff's counsel have anything that they want to add to that agenda?

MR. GOLDMAN: Only a preliminary question, Your Honor. We've identified all the people on the one side of the courtroom. I just want to know if there are protective order issues with respect to the people on the other side of the courtroom.

THE COURT: The other side of the courtroom consists of my other law clerk and my two interns. They are covered by the protective order.

MR. GOLDMAN: Thank you, Your Honor. And I am remiss. I did not mention Mr. Kyle Stingily who works in our office as a paralegal in our --

THE COURT: All right.

MR. GOLDMAN: -- with the United States.

THE COURT: I think everyone present is subject to the protective order in that event, although the accessions to the protective order have not been filed, for obvious reasons, because the protective order has just been issued. In any event, anything else on the agenda from the Plaintiff's counsel's standpoint?

MR. GOLDMAN: No, Your Honor.

THE COURT: All right. Now, Mr. Mickle, do you have anything besides the initial status conference items that you wish to address?

MR. MICKLE: Not at this time, Your Honor.

THE COURT: Mr. Khoury?

MR. KHOURY: No, Your Honor.

THE COURT: All right. Let's go through them. First is the identification of interested parties. That has apparently been done. Are there any other interested parties?

MR. MICKLE: Not that the government is aware of, Your Honor.

THE COURT: All right. Thank you. Now, we have already addressed the second item, that is, the application for intervention. We have already addressed the third item, no request for a temporary or preliminary injunctive relief. We've already addressed the fourth item, the content of the protective order. Now, the time for filing the administrative record.

Now, this is a question directed to Mr. Mickle. Was the administrative record provided to the GAO in the second protest, the one that was decided, I think it was, on June 13, complete?

MR. MICKLE: Yes, Your Honor. It was submitted to the GAO, I think all in tab format on CD-ROMs. I am in possession of the administrative record, as well as the follow-on decisions and the briefings. We are beginning to assemble the record.

There is one glitch, and the only glitch is that I am waiting on the [redacted] to provide a limited release because there was some protected information filed with the Government Accountability Office in the second protest that was [redacted] but the [redacted]

I expect to have [redacted] to get an order signed early next week, and I would propose to the Court that we can file the administrative record, and we would ask the Court to allow us to file it under on DVD, in that it's currently 90-some tabs, quite voluminous.

THE COURT: [redacted], did you say?

MR. MICKLE: It's in [redacted], Your Honor.

THE COURT: [redacted]. All right. When could you file the administrative record?

MR. MICKLE: Your Honor, I believe I could have it ready to go by Wednesday, which is the --

THE COURT: 9th.

MR. MICKLE: -- 9th of July, possibly sooner, given -- you know, the long pole in the tent for me, Your Honor, is making sure that I get the -- I don't

want to -- that was filed [redacted] by the [redacted] I have a colleague in [redacted] who had asked that we have the [redacted] lift that [redacted] again so we could make sure that the record coming in here was protected with [redacted]

THE COURT: So there is information that really belongs in the administrative record that had been [redacted] by a [redacted]

MR. MICKLE: Yes, Your Honor, and the [redacted] gave a partial release for the GAO. So it's in the record. I have the material. We just didn't want to file it immediately without --

THE COURT: No, that's definitely not a good idea. Is that date satisfactory to the Plaintiff?

MR. GOLDMAN: That date is satisfactory, Your Honor. I raised yesterday with counsel for the government some potential issues that I think may need to be added to the administrative record. We are in the process of discussing that, but it may well lead to the need for some discovery dialogue, possibly before the Court if we can't reach a resolution pretty quickly.

THE COURT: All right. The parties ought to

be aware that I am taking this initial conference in the middle of a trial that started Monday. The next two weeks of trial are in Portland, Oregon. I will not be physically present in Washington for the next two weeks, and so if you have problems that come up, either motions to supplement the record, or for discovery, then I will find out about them, obviously, but I can't promise you anything other than perhaps a telephonic hearing, so we will have to see what happens.

Now, you have, Mr. Mickle, a request to file the entire record on CDs?

MR. MICKLE: Well, yes, Honor, but a technical correction, I guess, DVDs, because I think if I filed them on CDs, my technical people tell me, because I have to rely on them because I am not a technocrat, is that I would have to file like 90 different CD ROMs if I did the tabs, and they tell me that if we copy them on DVD, then I can reduce that number dramatically. But whatever the Court wishes.

THE COURT: You're right. What the Court is going to ask you is one copy in paper form.

MR. MICKLE: And we'll provide a paper copy as well to Plaintiff's counsel and Intervenor's copy, and if the Court needs additional copies --

THE COURT: No, we just need one in paper form. Now, what I am struggling with is whether this record would be sufficiently voluminous that it wouldn't fit within the size limitations of an electronic filing in the Court.

MR. MICKLE: I believe that it's 4 megabyte --

THE COURT: It is.

MR. MICKLE: -- for each filing, and from my initial review of the tabs, each tab is over 4 megabytes, so we would have to upload -- I mean, significantly above 4 megabytes, so we would be, you know, cutting those each tabs down to 4 megs, so it would be probably, I would say, at least -- we know at least 90 filings, individual filings.

THE COURT: Mr. Mickle, you are going to have to file a motion for leave to submit the record in the form of DVDs.

MR. MICKLE: Yes, Your Honor.

THE COURT: And, well, I have to see what the other parties say about that. As long as you provide a courtesy paper copy to the Court, to counsel for Plaintiff, counsel for the Intervenors, I don't see any problem with it, but that will mean that the permanent copy on file in the Clerk's Office will

consist of DVDs. I just don't see any problem with that, but we will check. All right, July 9th.

Now, and we've already addressed supplementation. That's going to have to take motions practice. Now we should address a schedule for briefing. What is Plaintiff's pleasure?

MR. GOLDMAN: Your Honor, we've had some preliminary discussions about calendaring with counsel for the United States. I've not spoken to Intervenor yet. I want to leave accommodation time for this motions practice, which is sort of, to use a phrase from my colleague across the aisle, the long pole in the tent from our perspective. Having said that, recognizing -- and I was obviously not aware of the Court's travel schedule.

Having said that, I would propose a schedule where initial briefs would be submitted around July 29, a Monday, in hopes that --

THE COURT: Tuesday.

MR. GOLDMAN: Yes, Your Honor, a Tuesday. I am reading my calendar wrong. July 28, a Monday, in hopes that if we can't come to agreement on the administrative record which is filed on the 9th, we'd be filing a motion immediately thereafter, hopefully have a resolution in time to allow whatever fruits

were or were not added to the record the week of the 22nd, which would allow for briefing on the 28th.

I realize that's an aggressive schedule on the motion practice, Your Honor, but I am trying to fit this into the box that we are all working with. That's a modification to what we talked about yesterday, although we've gone over it --

MR. MICKLE: Right.

MR. GOLDMAN: Right.

MR. MICKLE: But as I explained, I am not in the area the 20th through the 26th. I am out of the country.

MR. GOLDMAN: Okay, so --

MR. MICKLE: So --

THE COURT: Let's stop right now and work on this in an orderly way, rather than having a conversation. The Court could address motions from the 21st through the 25th. I have three other matters that week, but we could work around that. I understand Mr. Mickle's schedule would pose problems, but if you have a motions practice on the record, we would have to deal with that as rapidly as possible, and I'm sure, Mr. Mickle, you have help in your office and someone else could address it, but I guess my question -- we'll let that rest in the parties' hands.

The Court really is not going to express any views on that at all, but you think that you could have Plaintiff's opening brief filed on the 28th, is that correct?

MR. GOLDMAN: Yes, Your Honor, and I think we had talked about simultaneous briefing with counsel for the government about that concept.

THE COURT: That's problematic. You get ships passing in the night. You are saying, essentially, each of you would have a motion for judgment on the record under Rule 52.1, is that correct?

MR. MICKLE: Yes, Your Honor.

THE COURT: And you want to do it by simultaneous briefing? That means the Court gets six briefs rather than -- well, more than that. Probably at least eight, maybe ten, rather than -- yes?

MR. MICKLE: Our discussions, we initially -- we understand the ships passing in the night, in fact, we discussed that, and we initially were discussing having one party file, one responding, but the feeling was, at least in the Department, that because this case -- and there's not a new issue before the Court that has not been vetted by the Government Accountability Office in either Hearing 1

and the reconsideration or in Hearing -- Decision 3, that the issues have already been briefed before, as Your Honor had mentioned, and we believe that, you know, cross-motions and then with a couple weeks or three weeks later with the responses and oppositions, and if the Court deems necessary, arguments soon thereafter.

THE COURT: If you do have simultaneous briefing, the Court will hold you to the page limits.

MR. GOLDMAN: Your Honor, our original discussion centered on a concept where the government was going to file first and we would respond, and not do it in a simultaneous way, which we are certainly open to if that's the Court's preference.

THE COURT: Well, I'm just saying. I actually want joinder of the issues, if you will pardon my saying so, rather than a miss on the parties' briefing.

MR. MICKLE: Well, in this case, maybe because of my absence that week, if Plaintiff wants to file first on the 29th, then we would be able to respond accordingly with our own motion in cross soon thereafter, Your Honor.

THE COURT: Well, why don't you think about it for a moment. We'll just take a pause for a minute

while you think about the options.

(Pause.)

MR. MICKLE: If you want to file first on the 28th --

THE COURT: Now, just a moment. Mr. Mickle, do you have a proposal to make to the Court?

MR. MICKLE: I'm sorry.

THE COURT: Please.

MR. MICKLE: I thought you wanted us to discuss it --

THE COURT: No, I wanted you to consult among each other, not on the record.

MR. MICKLE: Oh.

THE COURT: If you want to go over and talk with Plaintiff's counsel, that's fine.

(Discussion off the record.)

THE COURT: Do we have an agreed proposal? Is someone willing to present it?

MR. MICKLE: Yes, Your Honor, if I can read my scratch. We would propose, Your Honor, that on July 11, any motion to supplement the record must be filed with the Court, with any opposition to that motion by the 16th of July. On Monday the 28th of July, Plaintiffs will file their opening brief, motion for judgment upon the administrative record. On the 11th

of August, the government and Intervenor will file their oppositions as well as their cross-motions for judgment on the administrative record.

Plaintiff will file his response on the 22nd, and then we will file our reply to the response and response to the -- we'll be filing something on the 29th.

(Laughter.)

THE COURT: It's a reply. So the government and Intervenor would file their replies on the 29th.

MR. MICKLE: Yes, Your Honor. The next thing that I will at least inform the Court is, it's my understanding that the contract is currently being performed under a bridge contract with Boeing and Alabama Industries. That is set to expire on the 30th of September, and to ensure that, you know, we don't have any terror or PI issues, I know that the government continues to honor all the terms of that bridge contract.

THE COURT: Now, that schedule is satisfactory, certainly, to the Court, and the Court accepts it. We will put it in a scheduling order. What about a date for a hearing on the cross-motions? Now, you've undoubtedly figured out by now that sometimes on injunctive relief, the Court hears

witnesses. If we get requests for injunctive relief and there are facts at issue, the Court would expect the hearing to involve witnesses.

If, on the other hand, there really aren't any facts at issue, the Court would just expect an argument. May we pick a date for a hearing? Obviously, the 1st of September is Labor Day. I suppose we could do this on the afternoon of the 4th or on the 5th. That's about as early as we can probably do it. Either of those times would be available.

MR. MICKLE: Both dates are good with me, Your Honor, and I believe they are also good for Mr. Khoury, and whatever Plaintiff's preference is?

MR. GOLDMAN: My only hesitation is, this is a hearing that Mr. Hazelton would want to attend. I didn't look out that far. Having said that, do you want to agree to the afternoon of the 4th, and I may come back and make an alternative request?

THE COURT: Or we could always try 2:00 on the 4th, and that would give us that afternoon, and we could even run a little late. That's just not a problem, on the 4th. Is that a satisfactory date from the Plaintiff's standpoint?

MR. GOLDMAN: Yes, Your Honor.

THE COURT: From Defendant's?

MR. MICKLE: Yes, Your Honor.

THE COURT: Intervenor's?

MR. KHOURY: Yes, Your Honor.

THE COURT: All right. We'll set that in the scheduling order as well. And just for the CAT now, if you would please give the Court notice in your briefs or either a separate notice whether you expect to want witnesses at the hearing on the 4th, the Court would appreciace that, but you understand what the problem is. If the Court is expected to find facts on injunctive issues, it wants to know the facts through evidence, either testimonial evidence or documentary evidence admitted into the record.

Is there anything else that we can usefully do this morning, from Plaintiff's standpoint?

MR. GOLDMAN: Nothing from Plaintiffs, Your Honor.

THE COURT: All right. You've stood in well. You have a schedule.

Mr. Mickle?

MR. MICKLE: One second, Your Honor, please?

THE COURT: Certainly.

(Pause.)

MR. MICKLE: At this time, Your Honor, I don't think we have anything to add, except that we

would propose to file the administrative record on the 9th, or as soon as we get the order from the [redacted] and I will also provide a copy of the order to the Court.

THE COURT: Why don't you file whatever you can on the 9th, even if you can't file that portion which implicates the [redacted] order? If you have to file that in a subsequent supplemental filing, why don't you do that? The reason I say that, you might not have it essentially formatted that way, but I am a little concerned that we keep to the schedule one way or the other, and if we don't have the administrative record, we really don't have a place to start.

MR. MICKLE: Two things, Your Honor, if I may.

THE COURT: Yes.

MR. MICKLE: One is, the administrative record here, we are going to keep the same tabbing sequence at the GAO, so the record that you already have in your office, as well as -- except for the follow-on tabs, and I'll send you what the index will be, so you will know specifically what those documents are -- they will have those documents already, so all of us should be able to prepare for the case to keep

it on track before there is the official filing.

I will do my best to pull out those portions that are --

THE COURT: If it's necessary.

MR. MICKLE: -- [redacted] I just, the way that I have seen the record so far, it seems like a lot of these issues are woven throughout, so -- but what I will do is, we will do our best to see what we can do, Your Honor, and hopefully though, that won't be an issue.

THE COURT: And you need not file the paper copies on the 9th, or provide the courtesy copy to the Court. Actually, it's more than a courtesy copy. It's the copy that the Court will use, although I am not going to say we aren't going to use the DVDs as well, but in any event, you need not provide that until, say, the 15th, because we aren't going to be here to use it anyway.

MR. MICKLE: Thank you, Your Honor.

THE COURT: Anything we've missed? Plaintiff?

MR. GOLDMAN: Nothing here, Your Honor.

THE COURT: No? Intervenor?

MR. KHOURY: No, Your Honor.

MR. MICKLE: Nothing, Your Honor. We hope

you have a nice 4th of July.

THE COURT: We hope everyone does.

MR. MICKLE: That's true.

THE COURT: We all celebrate appropriately. All right. We are in adjournment. Thank you very much.

THE CLERK: All rise.

(Whereupon, at 10:28 a.m., the hearing in the above-entitled matter was concluded.)

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//