**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | | |
|---|---|---|
| **ALABAMA AIRCRAFT INDUSTRIES, INC. - BIRMINGHAM,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 08-470C** |
| | ) | **(Judge Lettow)** |
| **UNITED STATES,** | ) | |
| **Defendant, and,** | ) | |
| **THE BOEING COMPANY,** | ) | |
| **Intervening Defendant.** | ) | |

**DEFENDANT'S NOTICE OF POTENTIAL WITNESSES**

Pursuant to the Court's instructions at the September 2, 2008 status conference, defendant, the United States, respectfully submits this notice to the Court of witnesses it will have available at the September 4, 2008 hearing in this matter. Mindful that this procurement is a firm-fixed price commercial services contract, these witnesses are made available solely to assist the Court with understanding highly technical terms and concepts contained within the administrative record. See e.g., Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 158 (1997) (supplementation appropriate to aid court in understanding "the highly technical nature of the issues") (citing Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir.1989) (supplementation of administrative record permitted "when a case is so complex that a court needs more evidence to enable it to understand the issues clearly")).[1] The witnesses are being made available to explain

[1] We reiterate Esch appears to have been limited in the United States Court of Appeals for the District of Columbia. See Beverly Enterps., Inc. v. Herman, 130 F. Supp. 2d 1, 8 n.2 (D.D.C. 2000) (noting D.C. Circuit has "limited [the] use" of Esch factors, and called them dicta in an unpublished decision); see also Saratoga Devel. Corp. v. United States, 21 F.3d 445, 458

documents contained with the record in a nonadversarial manner, and not to provide additional new evidence.[2] To ensure that the Government has witnesses available to assist the Court on any aspect of the record, the following Air Force employees will be available for Thursday's hearing:

1. Jim Stephens – Contracting/Past performance
2. Ralph Petrosky – Technical
3. Nancy Filippo – Cost/Price

The contact number for these individuals is: (405) 734-9895 (code: 9232)

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

---

(D.C. Cir. 1994) (noting, without discussing Esch, discovery outside administrative record is permitted "only" absent a paper trail, or on strong showing of bad faith or impropriety); see also Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1337-38 (Fed. Cir. 2001). Furthermore, this Court has noted that Esch is "heavily in tension with . . . Supreme Court precedents." ARINC Eng'g Servs. v. United States, 77 Fed. Cl. 196, 201 n.5 (2007); see also Murakami v. United States, 46 Fed. Cl. 731, 735 (2000); Simons v. United States, 25 Cl. Ct. 685, 694 (1992) (construing Esch narrowly). This noted tension is well-founded, given the Supreme Court's guidance in Camp v. Pitts, 411 U.S. 138, 142-143 (1973).

[2] As this Court has noted, its review of bid protests is confined to the administrative record, i.e., the record that was before the decision maker at the time of the award. Advanced Data Concepts, Inc. v. United States, 216 F.3d 1054, 1057 (Fed. Cir. 2000) (citations omitted); Bannum, Inc. v. United States, 404 F.3d 1346, 1355 (Fed. Cir. 2005); Aero Corp. v. United States, 38 Fed. Cl. 408, 410 (1997) (citing Camp v. Pitts, 411 U.S. at 142). Aero Corp., 38 Fed. Cl. at 410. The review is limited to the administrative record already in existence, and "'not some new record made initially by the reviewing court.'" Aero Corp. v. United States, 38 Fed. Cl. at 410 (citing Camp v. Pitts, 411 U.S. at 142).

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 307-0383
Fax: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:

MAJ CHRISTOPHER L. McMAHON
Air Force Legal Operations Agency
Arlington, Virginia

KENNETH C. KITZMILLER
Tinker Air Force Base Legal Office
Oklahoma City, Oklahoma

September 3, 2008

## CERTIFICATE OF FILING

I hereby certify that on September 3, 2008, a copy of the foregoing "**DEFENDANT'S NOTICE OF POTENTIAL WITNESSES**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle